UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACOBY WILLIAMS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1095 |
| MIKE TREGRE, ET AL. | * | SECTION "P" DIV. (2) |

### ORDER AND REASONS

Before me is the Motion for Leave to File First Supplemental and Amending Complaint filed by Plaintiffs Jacoby Williams and Neosha Williams. ECF No. 27. This motion was scheduled for submission on Wednesday, May 15, 2024. Plaintiffs indicate the defendants who have appeared consent to the amendment, but one served defendant has not yet appeared and has not responded to the inquiry. *Id.* As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, May 7, 2024. *See* E.D. La. L.R. 7.5.

Having considered the record, the submission and argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

### LAW AND ANALYSIS

Plaintiffs filed this personal injury suit alleging § 1983 violations after a St. John the Baptist Parish deputy shot Jacoby Williams. ECF No. 1. Plaintiffs allege that, after Williams fell asleep while a passenger in a car driven by Defendant Kendell Pembrook, Pembrook placed an AK-47 assault rifle on the driver's side of the vehicle. *Id.* ¶¶ 10-11. When Deputy Guerin approached the vehicle and saw the AK-47, he shot Williams and later falsely claimed Williams reached for the weapon. *Id.* ¶¶ 12-15.

Plaintiffs now seek to amend their Complaint to add defendant Pembrook's insurer (Root Insurance Company) as a defendant and to clarify and supplement their allegations against the Defendants. ECF No. 27-1 at 1-2. They timely seek leave to amend as no Scheduling Order has yet been issued. Thus, the request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b). *See S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[2] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[3]

---

[1] FED R. CIV. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).
[3] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

In the absence of any filed opposition memoranda to Plaintiffs' motion and given the early stage of this case, there is no "substantial reason" to deny Plaintiffs' request for leave to amend under Rule 15(a).

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Plaintiffs' Motion for Leave to File First Supplemental and Amending Complaint (ECF No. 27) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiffs' Proposed Amended Complaint (ECF No. 27-2) into the court record.

New Orleans, Louisiana, this 15th day of May, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE