UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACOBY WILLIAMS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1095 |
| MIKE TREGRE, ET AL. | * | SECTION "P" DIV. (2) |

**ORDER AND REASONS**

Before me is the Motion for Leave to File Second Amending Complaint filed by Plaintiffs Jacoby Williams and Neosha Williams.  ECF No. 62.  This motion was scheduled for submission on Wednesday, March 5, 2025.  As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, February 25, 2025.  *See* E.D. La. L.R. 7.5.

Having considered the record, the submission and argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the motion is GRANTED for the reasons that follow.

**LAW AND ANALYSIS**

Plaintiffs filed this personal injury suit alleging 42 U.S.C. § 1983 violations after a St. John the Baptist Parish deputy shot Jacoby Williams.  ECF No. 1.  Plaintiffs allege that, after Williams fell asleep while a passenger in a car driven by Defendant Kendell Pembrook, Pembrook placed an AK-47 assault rifle on the driver's side of the vehicle.  *Id*. ¶¶ 10-11.  When Deputy Shaquile Guerin approached the vehicle and saw the AK-47, he shot Williams and later falsely claimed Williams reached for the weapon.  *Id*. ¶¶ 12-15.  Plaintiffs now seek to amend their Complaint to correct their mistaken factual assertion that Deputy Guerin saw the AK-47 before shooting now that discovery has revealed he did not see the weapon before firing.  ECF No. 62-1 at 1-13. Plaintiffs do not seek to add any new claims or new parties.

1

When a party seeks to amend after expiration of the deadline for amending pleadings set forth in the Scheduling Order, Rule 16(b) requires the party to establish "good cause" before analyzing the request under Rule 15(a)(2).[1] Thus, Plaintiffs must establish good cause under Rule 16 before the Court may address the request under Rule 15.[2] The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[3]

If good cause is established, the court then addresses the motion under Rule 15(a)(2), which specifies that the "court should freely give leave [to amend] when justice so requires."[4] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[5] Given Rule 15(a)'s "bias in favor of granting leave to amend," absent a "substantial reason,"[6] the court's discretion "is not broad enough to permit denial."[7]

---

[1] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[2] *Id.*

[3] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).

[4] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[5] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[6] *Id.* at 595 (citation omitted)

[7]; *Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

In the absence of any filed opposition memoranda to Plaintiffs' motion and in light of the fact that the amendment corrects a mistaken factual allegation as to a fact within defendant's knowledge and does not add any new claims nor parties, Plaintiffs have established good cause and there is no substantial reason to deny the request for leave to amend.

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Plaintiffs' Motion for Leave to File Second Amending Complaint (ECF No. 62) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiffs' Proposed Amended Complaint (ECF No. 62-8) into the court record.

New Orleans, Louisiana, this 6th day of March, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE