MINUTE ORDER
PAPILLION, J.
June 11, 2025

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOBY WILLIAMS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1095** |
| **MIKE TREGRE, ET AL.** | **SECTION: "P" (2)** |

## MINUTE ORDER

On June 11, 2025, the Court held a telephone status conference in the above-captioned matter. John Venezia and Julie O'Shesky participated on behalf of Plaintiffs, Jacoby Williams and Neosha Williams; and Blake Acuri and Laura Rodrigue participated on behalf of Defendants, Mike Tregre and Shaquille Guerin. The Court and the parties discussed the status of the case and the upcoming trial. The Court also addressed the parties' pending motions. For the reasons explained during the conference, which are also set forth below, **IT IS ORDERED** that Defendants' motion *in limine* to exclude Plaintiffs' video animation and any testimony surrounding it (R. Doc. 76) is **DENIED**, without prejudice to the Defendants' right to object at trial as necessary; and Plaintiffs' motion *in limine* to exclude the testimony of Kerry J. Najolia (R. Doc. 78) is **GRANTED IN PART** and **DENIED IN PART**.

\* \* \*

As to Defendants' motion *in limine* to exclude Plaintiffs' video animation and any testimony surrounding it (R. Doc. 76), the Court relayed the following information.

Based upon the Court's review of the animation,[1] as well as the materials submitted by the parties in support and opposition to Defendants' motion, and because it is the Court's

---

[1] *See* R. Doc. 84.

understanding that the animation is intended for use as an illustrative aid, and not as actual evidence, pursuant to Federal Rule of Evidence 107, the Court denies, without prejudice to the right to object at trial as necessary, Defendants' motion *in limine*. The Court will not allow the animation to be used in Plaintiffs' Opening Statement, admitted into evidence, or used in deliberation, but the Court will allow Plaintiffs to use the animation for illustrative or demonstrative purposes during the trial, in connection with the testimony of trial witnesses, so long as Plaintiffs can lay an appropriate foundation and so long as Plaintiffs make clear to the jury that the animation is intended to be an illustration and not a recreation. In reaching its decision with respect to Plaintiffs' illustration, the Court finds the animation will aid in the jury's understanding of the evidence and Plaintiffs' arguments, while the animation's utility in assisting the comprehension of the jury is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or waste of time.[2]

Defendants contend the animation fails to give proper credit to the testimony of all the potential trial witnesses, makes selective use of certain facts, and omits other facts, while Plaintiffs contend the animation is grounded in admissible evidence. The Court, mindful that this case involves competing factual narratives, finds that the animation is based upon sufficient factual information to serve the goal of helping the jury understand this case's evidence and arguments, and believes the risk of unfair prejudice, issue confusion, or misleading of the jury can be prevented through Defendants' availing themselves of their right to cross-examine any witness Plaintiffs may call at trial to testify in connection with the illustration, and because the Court will preserve

---

[2] *See* FED. R. EVID. 107.

2

Defendants' right to request a special cautionary instruction that the animation is an illustration, not a recreation, and is not evidence.[3]

* * *

As to Plaintiffs' motion *in limine* to exclude the testimony of Kerry J. Najolia (R. Doc. 78), the Court relayed the following information.

Plaintiffs seek exclusion or limitation of the opinions and testimony of Kerry J. Najolia, Defendants' expert on police procedures and use of force, on grounds that, according to the plaintiffs, Mr. Najolia: (1) relies almost exclusively on the narrative of Deputy Guerin to the exclusion of contrary evidence; (2) has used an unreliable methodology that assumes facts in dispute; (3) gives impermissible legal conclusions; and (4) has a history of being limited or excluded by courts and has a systemic bias in favor of law enforcement. Based upon the Court's review of the motion and its supporting materials, as well as the materials submitted by Defendants, it is the Court's conclusion that Plaintiffs' motion should be granted in part and denied in part.

To the extent Mr. Najolia intends, or is asked, to give opinions that are legal conclusions or that invade the province of the jury, Plaintiffs' motion is granted. Specifically, Mr. Najolia may, for example, opine on the standards or practices applicable to events and circumstances that form the basis of this lawsuit, and whether or not certain policing standards or practices were met or violated by the defendants, but Mr. Najolia will not be allowed to testify regarding any ultimate issue such as whether the conduct of the defendants met or failed to meet any applicable legal standard or the reasonableness of the use of force against Mr. Williams in this case.[4]

---

[3] *See, e.g.*, *Kim v. Am. Honda Motor Co.*, No. 4:19-CV-00332, 2022 WL 16752142, at *21-22 (E.D. Tex. Nov. 7, 2022).
[4] *Joseph v. Doe*, No. 17-5051, 2021 WL 2313475, at *4 (E.D. La. June 7, 2021).

3

Plaintiffs' motion is denied in all other respects because, based on the information the Court presently has before it, it is the Court's determination that: (1) the witness's knowledge, skill, experience, and training will, more likely than not, help the trier of fact understand the evidence and determine facts that may be at issue in the case; (2) his anticipated testimony is based on sufficient facts or data; (3) his anticipated testimony is the product of reliable principles and methods; and (4) his opinions reflect a reliable application of the principles and methods to the facts of the case.  Plaintiffs will have an ample opportunity at trial to bring to the attention of the jury any perceived weaknesses or limitations in Mr. Najolia's factual assumptions through cross-examination.[5]  Regarding his methodology and its application in this case, Plaintiffs will have the opportunity, through their counsel, for example, to question Mr. Najolia on how his expert opinion might change based upon an alternative set of facts.[6]  Similarly, Plaintiffs will also have an opportunity at trial to cross-examine Mr. Najolia on what Plaintiffs contend is his bias in favor of law enforcement.

 

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

(JS-10 00:26)

---

[5] These arguments go to the weight to be assigned to Mr. Najolia's opinions rather than to the admissibility of those opinions. *Brooks v. Kahrs,* No. 21-2280, 2025 WL 890694, at *2 (E.D. La. Mar. 21, 2025); *Cortez v. Custard*, No. 20-3110, 2024 WL 2941166, at *4 (E.D. La. June 11, 2024).
[6] *Whitfield v. Riley*, No. 09-1877 C/W 09-8074, 2021 WL 3419463, at *3 (E.D. La. Apr. 21, 2021).